UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REYNALDO O. GARZA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF YAKIMA, a municipal corporation,<br><br>　　　　Defendant. | NO. CV-09-3005-LRS<br><br>**ORDER OF DISMISSAL** |

**BEFORE THE COURT** is Plaintiff's Motion To Dismiss this action without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). (Ct. Rec. 6).

Under Rule 41(a)(2), a voluntary dismissal must be obtained through a court order "on terms that the court considers proper." Unless the order states to the contrary, a dismissal under Rule 41(a)(2) is without prejudice.

Defendant notes that it removed this action from Yakima County Superior Court on the basis that Plaintiff's complaint asserted a federal claim under 42 U.S.C. Section 1983. (See Paragraph 4.2 of Complaint, attached to Notice of Removal, Ct. Rec. 1). Defendant asks that this federal claim be dismissed with prejudice, and that Plaintiff's remaining state claims, which Plaintiff apparently intends to re-file in state court, be dismissed without prejudice. Defendant has submitted a July 7, 2009 letter from Plaintiff's counsel which indicates the basis for seeking a dismissal of the captioned action is because Plaintiff has "decided to forego a federal court claim and pursue only state court claims in this matter." (Ex. A to Ct. Rec. 9).

///

**ORDER OF DISMISSAL - 1**

The Plaintiff has not responded to Defendant's request for dismissal with prejudice of the federal claim.[1]  The court finds that dismissal with prejudice of the federal claim is justified considering that claim was the basis for removal from state court and there should be no reason for it to be re-pled in any new state court action.  Accordingly, Plaintiff's federal claim, pled at Paragraph 4.2 of the complaint of record, is **DISMISSED with prejudice**.  The remaining state law claims are **DISMISSED without prejudice**.  Plaintiff's Motion To Dismiss (Ct. Rec. 6) is **GRANTED** in this fashion.

Defendant asks that it be awarded its costs as a condition of dismissal.  The court has discretion to award such costs.  It will decline to do so in this instance as it appears any costs are *de minimis*.  Plaintiff's motion represents that no discovery took place and this is not contested by Defendant.  The action was removed in January 2009, but no scheduling conference was held and no scheduling order was entered.  Plaintiff's motion to dismiss is the first and only motion filed in the action.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and provide copies to counsel.  This file shall be closed.

**DATED** this ___17th___ day of August, 2009.

*s/***Lonny R. Suko**
_____
LONNY R. SUKO
Chief United States District Judge

---

[1] Plaintiff's motion was filed on July 21 and noted for hearing on the same date, although the motion was not accompanied by a request for expedited hearing.  On July 22, Defendant filed an objection to hearing of the motion on an expedited basis (Ct. Rec. 8), and on July 31, filed its response to the motion (Ct. Rec. 9). Pursuant to LR 7.1(d) and Fed. R. Civ. P. 6(d), the Plaintiff had until August 12 to file any reply to the response (five days excluding weekends and holidays, plus three days for mailing).

**ORDER OF DISMISSAL - 2**